MEMORANDUM **
Hrachya Nersisyan and his son, natives and citizens of Armenia, petition for review of the Board of Immigration Appeals’ (“BIA”) order affirming an immigration judge’s (“IJ”) decision denying their application for asylum, withholding of removal, and protection under the Convention Against Torture (“CAT”). Our jurisdiction is governed by 8 U.S.C. § 1252. Reviewing for substantial evidence, INS v. Elias-Zacarias, 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), we dismiss in part and deny in part the petition for review.
We lack jurisdiction to review the IJ’s timeliness determination because the IJ’s extraordinary circumstances analysis is based on uncertain dates. See Ramadan v. Gonzales, 479 F.3d 646, 650 (9th Cir.2007) (per curiam) (court had jurisdiction over changed circumstances issue because it involved an application of a statutory standard to “undisputed” facts).
Substantial evidence supports the IJ’s finding that Nersisyan failed to establish he suffered harm that rose to the level of past persecution on account of his religion. See Gu v. Gonzales, 454 F.3d 1014, 1019 (9th Cir.2006). Nersisyan also failed to establish a clear probability of future persecution. See Hoxha v. Ashcroft, 319 F.3d 1179, 1185 (9th Cir.2003). Aecording *251 ly, substantial evidence supports the agency’s denial of withholding of removal.
Substantial evidence also supports the IJ’s denial of CAT relief because Ner-sisyan failed to establish a likelihood of torture in Armenia. See Wakkary v. Holder, 558 F.3d 1049, 1068 (9th Cir.2009).
The BIA’s reduction of the voluntary departure period was permissible because the BIA did not issue a streamlined order. See Padilla-Padilla v. Gonzales, 463 F.3d 972, 981 (9th Cir.2006).
PETITION FOR REVIEW DISMISSED in part; DENIED in part.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.